```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

LAURA L. VITALE,                  )
                                  )
                Plaintiff,        )
                                  )
    v.                            )    No. 09 C 3233
                                  )
PALISADES COLLECTION, L.L.C.,     )
et al.,                           )
                                  )
                Defendants.       )
```

## MEMORANDUM ORDER

Palisades Collection, L.L.C. ("Palisades") has filed its Answer, supplemented by three purported affirmative defenses ("ADs"), to the Amended Complaint ("AC") brought against it by Laura Vitale. This memorandum order is issued sua sponte in response to (1) a pervasive problem reflected in the Answer itself and (2) the problematic nature of two of three of the ADs.

First as to the Answer, it is shot through (Answer ¶¶3-10, 12-17, 19, 22-24, 48-50, 57, 59, 62, 71, 73, 75, 79 and 80) with a defective disclaimer that does not, as is required, track the provisions of Fed. R. Civ. P. ("Rule") 8(b)(5)--see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). And that flaw is compounded by the repeated tacking on of the phrase "and therefore denies the same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is

stricken wherever it appears in the Answer.

Because that defect infects so much of the Answer, Palisades' pleading is stricken in its entirety, with leave granted to file a self-contained Amended Answer on or before October 16, 2009. And when Palisades' counsel does so, he is expected to give careful consideration to precisely which allegations of the AC can be made the subject of a proper Rule 8(b)(5) disclaimer in the objective good faith demanded by Rule 11.

As for the ADs, neither AD 2 nor AD 3 is fleshed out sufficiently to apprise Vitale's counsel and this Court of just what Palisades is claiming. Notice pleading principles apply to defendants as well as to plaintiffs, and ADs 2 and 3 do not satisfy those principles. If they are retained in the Amended Answer referred to earlier, that must be done on a more informative basis.[1]

No charge is to be made to Palisades by its counsel for the added work and expense incurred in correcting counsel's errors. Palisades' counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's

---

[1] AD 1 seems questionable as well, because it appears to be at odds with the allegations of the Amended Complaint that must be accepted as true for AD purposes--see App'x ¶5 to State Farm. This Court will, however, hold off on that subject until discovery casts more light on it.

chambers as an informational matter (not for filing).

                                _____
                                Milton I. Shadur
                                Senior United States District Judge

Date:  October 6, 2009